UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
AUG 1 1 2008
CLERK

| | | |
|---|---|---|
| DONNA L. FERRIGNO, | ) | CIV. 07-5043-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant has filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment in this case. Specifically, defendant asks that the Court reduce the attorney fee awarded to plaintiff's counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for her successful prosecution of this Social Security appeal. Docket #20-21, 26. The Court earlier issued an Order granting plaintiff's counsel attorney fees of $10,160, which reflects a rate of $160/hour for the 63.5 hours counsel claims to have worked on the case. Defendant contends that the attorney fee award is excessive "in light of the routine nature of this case and [counsel's] 30 years of experience representing Social Security claimants." Docket #28, at 2. Defendant asks that the Court award fees for no more than 40 hours of work, thus reducing the fee amount from $10,160 to no more than $6,400. Id.

    To support its motion, defendant relies primarily upon a statistical argument. Defendant indicates that the average attorney fee awarded in recent similar cases is $4,102.68,

and that the difference between the average award and the award in this case lends support to the contention that the fee requested by plaintiff's counsel is unreasonable.

Defendant is correct to note that it is plaintiff's burden to demonstrate that the number of hours expended on a case is reasonable. See Hensley v. Eckerhart, U.S. 424, 437 (1983). However, a discrepancy between the average fee award and the fee awarded in a particular case does not necessarily lead to a conclusion of unreasonableness. In the present case, counsel for plaintiff has thoroughly documented her time spent on the matter. There is no redundancy and no duplicate billing. All of the 63.5 hours claimed by plaintiff's counsel are accounted for and fully explained. Additionally, the claimant in this case had been unrepresented throughout the administrative proceedings that took place before the present appeal, and the file was new to plaintiff's counsel. This explains, at least to some extent, why counsel needed to spend more time than usual on this particular case. As such, plaintiff's counsel has satisfied her burden of demonstrating that the time billed on this matter was reasonable. Accordingly, it is hereby

ORDERED that defendant's motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) (Docket #27) is denied.

Dated this 11th day of August, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE